UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Monica Ranger, et al., | No. 2:20-cv-00401-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| Shared Imaging, LLC, et al., | |
| Defendants. | |

On November 11, 2021, the parties in this wage and hour class action alerted the court that they were "in the process of finalizing a joint stipulation for class action and PAGA settlement . . . ." *See* Order (Nov. 12, 2021), ECF No. 30 at 2. Following the parties' agreement in principle to settle the action, the court ordered all proceedings stayed for 120 days, until March 12, 2022. *See id.* at 3. The court also noted that if a motion for preliminary approval of class action settlement was not filed by March 12, 2022, the parties were ordered to show cause why the stay should not be lifted. *Id.* On January 28, 2022, defendant Shared Imaging filed a status report notifying the court that the parties "have been unable to file a joint stipulation of settlement, due to a fundamental disagreement over the number of workweeks applicable to the settlement class." *See* Status Report, ECF No. 31 at 2. According to defendant, plaintiffs declined to file a joint status report or endorse the status report. *Id.* Defendant requested a status

1

1   conference before the court to address this last remaining issue before finalizing a joint stipulation
2   of settlement. *Id.* at 3.
3         On March 12, 2022, plaintiffs filed a motion for provisional certification of class action
4   and preliminary approval of settlement. *See* Mot., ECF No. 33. Defendant filed an opposition,
5   arguing that plaintiffs "sought settlement approval prematurely, because no enforceable
6   settlement agreement exists arising from the parties' executed Memorandum of Understanding
7   [MOU]," which set forth the essential terms of the agreement in principle to settle this case.
8   Opp'n at 4, ECF No. 35. Plaintiffs filed a reply on April 26, arguing the MOU is an enforceable
9   contract and that the parties' disagreement over the number of aggregate workweeks described in
10  the MOU did not preclude a "meeting of the minds". *See generally* Reply, ECF No. 37-1. For
11  the reasons below, the court agrees with defendant that settlement approval would be premature,
12  as the parties have not satisfied the pre-filing meet and confer requirements nor agreed to a
13  settlement.
14        First, the MOU included a paragraph stating that "Plaintiffs shall prepare and, after
15  Defendant has an opportunity to review, [sic] the Initial Approval Motion and Final Approval
16  Motion, which shall be filed subject to Defendant's express approval." *See* Ex. A to Decl. of
17  Guez ¶ 23, ECF No. 32-5. While grammatically flawed, this provision makes clear (1) defendant
18  would have the opportunity to review the initial approval motion, and (2) plaintiffs would only
19  file the motion with defendant's express approval. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1,
20  18–19 (1995), *as modified on denial of reh'g* (Oct. 26, 1995) ("[L]anguage in a contract must be
21  interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous
22  in the abstract. . . . Courts will not strain to create an ambiguity where none exists."). Plaintiffs
23  did not provide defendant with a draft of the motion, nor did defendant approve of their filing the
24  motion. In their reply, plaintiffs point to a clause in the MOU providing that the parties "intend to
25  enter into a long form settlement agreement which will contain terms that are not inconsistent
26  with this MOU, but if no further agreement is entered into this MOU will be enforceable . . . ."
27  Reply at 7 (quoting Ex. A to Decl. of Guez, ¶ 21). Because of defendant's supposed breach,
28  plaintiffs argue they were thus "excused from obtaining [d]efendant's permission to seek court

approval of the settlement reflected in the MOU." Reply at 8. Plaintiffs' apparent request for this court to interpret and enforce the MOU is not properly before the court and, regardless, their arguments demonstrate plaintiffs did not satisfy the court's routine pre-filing meet and confer requirements set out in this court's standing orders.

Second, the parties previously represented to the court that they were "in the process of finalizing a *joint stipulation* for class action and PAGA settlement . . . ." *See* Order (Nov. 12, 2021) at 2 (emphasis added). Indeed, the court's ability to approve a wage and hour class action settlement depends on the parties' agreeing to the terms set out in the motion for preliminary approval of the settlement, not a predicate MOU. *See generally* Fed. R. Civ. P. 23(e). Accordingly, this court cannot approve plaintiffs' motion for preliminary approval of class action settlement because there is no settlement agreement before it.

Because the parties have not filed a joint stipulation by the deadline set in the court's previous order, the stay is lifted and the court's June 25, 2020 scheduling order (ECF No. 22) is in effect, adjusted to account for the date of this order. Fact discovery shall be completed by 5/20/2022; expert disclosures shall be completed by 6/30/2022; rebuttal expert witnesses shall be exchanged by 7/21/2022; all expert discovery shall be completed by 8/18/2022; and all dispositive motions, except for motions for continuances, temporary restraining orders or other emergency applications, shall be heard by 10/10/2022.

This order resolves ECF No. 32.

IT IS SO ORDERED.

DATED: April 27, 2022.

CHIEF UNITED STATES DISTRICT JUDGE